UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:24cv25046

XYZ CORPORATION,

Plaintiff, v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED ON

SCHEDULE "A",

Defendants,

_____/

## ANSWER TO COMPLAINT

Defendant, kimsek, ("Defendant"), hereby answers to the Complaint [DE 1] filed by Plaintiff, XYZ Corporation (hereinafter referred to as "Plaintiff"), and states as follows:

### INTRODUCTION

1. This is a civil action for a design patent infringement pursuant to the Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.

RESPONSE: Admitted.

2. Plaintiff holds one (1) United States Design Patent, (hereinafter "Plaintiff's Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.

RESPONSE: Denied.

3. Without Plaintiff's permission or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

RESPONSE: Denied.

4. As a result, Plaintiff is enduring continuous damages to its design patent at the hands of the Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits. Furthermore, the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public.

RESPONSE: Denied.

5. In summary, Plaintiff has spent significant amounts of resources in connection with patent enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' infringement actions.

RESPONSE: Denied.

## PARTIES

6. Plaintiff is the inventor and owner of one design patent registered with the USPTO. A true and correct copy of Plaintiff's Patent will be attached to the Amended Complaint as Exhibit 1 (filed under seal).

RESPONSE: Denied.

7. Upon information and belief, Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

RESPONSE: Denied.

8. Defendants target their business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce stores, such as Amazon.com, Walmart, Ebay, etc. via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

RESPONSE: Denied.

9. Upon information and belief, Defendants distribute products from foreign jurisdictions and ship their goods to fulfilment centres within the United States to redistribute their products from those locations to the American consumer.

RESPONSE: Denied.

10. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

RESPONSE: Denied.

11. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of Plaintiff's Patent unless preliminarily and permanently enjoined.

RESPONSE: Denied.

12. Plaintiff has and will continue to suffer damages as a result of Defendants' patent infringements unless injunctive and monetary relief is awarded by this Honourable Court.

RESPONSE: Denied.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to the Federal Patent Act, 35 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338.

RESPONSE: Denied.

14. Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing Plaintiff's Patent, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Patent in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patent through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

RESPONSE: Denied.

15. Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C.§ 1400, since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent into this District and the Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

RESPONSE: Denied.

## GENERAL ALLEGATIONS

16. Plaintiff has filed this lawsuit against Defendants to enjoin online patent infringers who

trade upon Plaintiff's valuable Patent by distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patent.

RESPONSE: Denied.

17. Plaintiff's Patent registration is valid, in full force and effect, unrevoked and uncanceled.

RESPONSE: Denied.

18. Plaintiff has not granted a license or any other authorizations to Defendants to make, use, offer for sale, sell and/or import goods that embody the design patented in the Plaintiff's Patent which is proprietary to Plaintiff.

RESPONSE: Denied.

19. Plaintiff's registration of the Patent is valid, in full force and effect, unrevoked and uncanceled. This registration constitutes prima facie evidence of validity and of Plaintiff's exclusive rights to the Patent pursuant to 35 U.S.C § 261.

RESPONSE: Denied.

20. Upon information and belief, Defendants are advertising, distributing, offering for sale, and/or selling unauthorized copies of Plaintiff's Patent in U.S. interstate commerce and thus wilfully and knowingly infringe Plaintiff's Patent rights.

RESPONSE: Denied.

21. Upon information and belief, Defendants wilfully and knowingly infringe Plaintiff's Patent rights.

RESPONSE: Denied.

22. Defendants offer to sell exact copies and/or confusingly similar copies to the claimed

designs in Plaintiff's Patent (hereinafter referred to as the Defendants' "Counterfeit Copies") through Internet based e-commerce stores operating under the Seller IDs.

RESPONSE: Denied.

23. Defendants designs of the Counterfeit Copies are so similar to Plaintiff's as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be the same design as the one protected by Plaintiff's Patent.

RESPONSE: Denied.

24. Upon information and belief, Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Copies without authority to use Plaintiff's Patent.

RESPONSE: Denied.

25. At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Patent, including its exclusive right to use and license such intellectual property.

RESPONSE: Denied.

26. Defendants' use of Plaintiff's Patent to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

RESPONSE: Denied.

27. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If

Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

RESPONSE: Denied.

28. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

RESPONSE: Denied.

29. Upon information and belief, Defendants continuously create new websites and online marketplace accounts using the Seller IDs listed in Schedule A (Exhibit 2 to the Complaint - filed under seal), as well as other unknown fictitious names and addresses.

RESPONSE: Denied.

30. Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

RESPONSE: Denied.

31. Plaintiff has no adequate remedy at law.

RESPONSE: Denied.

32. Plaintiff is suffering irreparable harm, injury and substantial damages directly and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's Patent.

RESPONSE: Denied.

33. Defendants must be enjoined from continuing to advertise, distribute, offer for sale and/or sell Counterfeit Copies that directly infringe on Plaintiff's patent protections pursuant to federal patent law.

RESPONSE: Denied.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT

### 35 U.S.C. § 271 34.

34. Plaintiff reincorporates and realleges paragraphs 1 through 33 of this Complaint as if fully set forth herein.

RESPONSE: Denied.

35. The registration for Plaintiff's Patent is valid, subsisting, unrevoked and uncanceled.
RESPONSE: Denied.

36. Plaintiff is the inventor and owner of the United States Design Patent at issue in this lawsuit.

RESPONSE: Denied.

37. Plaintiff is the owner of all right, title and interest in and to the designs covered by the Plaintiff's Patent, and Plaintiff is entitled to receive all damages and the benefits of all other remedies for Defendants' infringements.

RESPONSE: Denied.

38. Without Plaintiff's permission or authorization, Defendants have infringed one or more

of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patent by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which embody the design covered by Plaintiff's Patent.

RESPONSE: Denied.

39. Defendants' Counterfeit Copies contain every aspect of the claimed designs on the Plaintiff's Patent.

RESPONSE: Denied.

40. Defendants' Counterfeit Copies have an overall appearance that is confusingly similar to the claimed designs in the Plaintiff's Patent.

RESPONSE: Denied.

41. Defendants are directly liable for infringing Plaintiff's Patent under the Patent Act, 35 U.S.C. § 271.

RESPONSE: Denied.

42. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Patent.

RESPONSE: Denied.

43. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

RESPONSE: Denied.

44. As a direct and proximate result of Defendants' continuous infringement of Plaintiff's

Patent, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Patent Act, including Defendants' profits pursuant to 35 U.S.C. §§ 284 and 289.

RESPONSE: Denied.

45. Plaintiff is further entitled to its attorney's fees pursuant to 35 U.S.C. § 285.

RESPONSE: Denied.

46. Upon information and belief, Defendants' infringement of Plaintiff's Patent has been and continues to be willful.

RESPONSE: Denied.

47. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the Plaintiff's Patent.

RESPONSE: Denied.

48. Consequently, Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patent and because of the significant threat of future infringement as evidenced herein.

RESPONSE: Denied.

49. Furthermore, Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patent and because of the significant threat of future infringement as evidenced herein.

RESPONSE: Denied.

### FIRST AFFIRMATIVE DEFENSE -Invalid Patent for Lack of Novelty

50. Plaintiff's patent is invalid for lack of novelty with the same design available on October 20, 2022 at https://www.youtube.com/watch?v=Uwg4R62yju4.

51. Similar design was available on June 2, 2015 at https://www.youtube.com/watch?v=5J2Guw2ehrI.

### SECOND AFFIRMATIVE DEFENSE-Good Faith Use

52. Defendant used the copyright at issue with good faith with belief that Defendant was legitimate to use it at the time.

### THIRD AFFIRMATIVE DEFENSE- No irreparable Harms

53. Plaintiff suffered no irreparable harms.

54. Defendant reserves the right to assert further affirmative defenses.

### JURY DEMAND

55. Defendant demands a jury trial for all the counts in the complaint.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:24cv25046

Kimsek,

Plaintiff, v.

XYZ CORPORATION,

Defendants,

_____/

## COUNTERCLAIM

Counter-Plaintiff, kimsek, referred to as "Counter-Plaintiff" hereafter, by and though the counsel undersigned, hereby sues Plaintiff XYZ CORPORATION ("Plaintiff" hereafter) and state as follows:

### JURISDICTION AND VENUE

1. This Counterclaim is filed pursuant to Fed. Civ. P. Rule 13. Counterclaim and Crossclaim (a) and/or (b), as it is against the Plaintiff/Counter-Defendant in the instant case.

2. Also, this Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over all civil actions arising under any Act of Congress relating to patents.

3. This Court has supplemental jurisdiction under 28 U.S. Code § 1367 for the negligence claim.

### PARTIES

4. Counter-Plaintiff is the owners of store on e-commerce platform.

5. Counter-Defenantt is the owners and/or the authorized users of the patent that was registered in the U.S. with U.S. Design Patent No. US D1,021,425 S.

## INTRODUCTIONS

6. Counter-Plaintiff files this counterclaim against Plaintiff pursuant to 35 U.S.C. §§ 102 and. 103.

## Design Patent US Patent US D1,021,425S

7. Counter-Defendant is the patentee and/or the authorized user of US Design Patent No. D1,021,425S ("`425 Patent" hereafter).

8. `425 Patent was filed on April 25, 2023.

9. Plaintiff's patent is invalid for lack of novelty with the same design available on October 20, 2022 at https://www.youtube.com/watch?v=Uwg4R62yju4.

10. Similar design was available on June 2, 2015 at https://www.youtube.com/watch?v=5J2Guw2ehrI.

## COUNT I - DECLARATORY JUDGMENT OF PATENT
## INVALIDITY OF `425 PATENT

11. Counter-Plaintiff incorporated ¶¶ 1-10 to this Count, as if they are re-stated herein.

12. Counter-Defendant's `425 Patent is invalid because it lacks novelty due to the prior arts published on Youtube with the web links listed in ¶¶ 9-10 above. For the foregoing reasons, Counterclaimant requests that this Court enter a judgment declaring that the `425 Patent is invalid and unenforceable.

## COUNT II - DECLARATORY JUDGMENT OF PATENT INVALIDITY
## OF `425 PATENT

13. Counter-Plaintiff incorporated ¶¶ 1-10 to this Count, as if they are re-stated herein.

14. Counter-Defendant failed to disclose the prior arts to Untied States Patent and Trademark Office (USPTO).

15. For the foregoing reasons, Counter-Plaintiff requests that this Court enter a judgment declaring that the '000 Patent and '380 Patent are invalid and unenforceable.

## COUNT III - NEGLIGENCE

16. Counter-Plaintiff incorporated ¶¶ 1-10 to this Count, as if they are re-stated herein.

17. Counter-Defendant had an obligation to check the validity of its patents before filing a suit against Counter-Plaintiff in this Court.

18. However, Counter-Defendant failed to fulfill their duty to check prior sales, prior publications and the prior arts already registered as patent in USPTO and sued Counter-Plaintiff.

19. But for Counter-Defendant's reckless behaviors, Counter-Plaintiff' funds in the online stores would not have been temporarily frozen due to Counter-Defendant's reckless behavior of filing a motion for temporary restraining order (TRO).

20. It is foreseeable that if Counter-Defendant filed a lawsuit, it would seek a TRO that would freeze the funds of the stored of Counter-Plaintiff, which would stop the listing of the products and the withdrawal of the funds held by the platforms, which most likely the Court would grant it as an ex parte motion.

21. Counter-Plaintiff suffered a damage of suspended sales, frozen funds, disruption of operations of the stores on the online platforms.

## Jury Demand

22. Counter-Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 7, 2025

/s/ Jianyin Liu
Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on April 7, 2025.

/s/ Jianyin Liu